UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

       **MEMORANDUM OPINION AND ORDER**
v.
       Criminal No. 17-153(3) ADM/DTS

Dantrell Jacob Myles,

       Defendant.

_____

Dantrell Jacob Myles, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Dantrell Jacob Myles' ("Myles") pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 551]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On September 25, 2018, Myles was sentenced to a mandatory minimum term of 120 months after pleading guilty to conspiracy to distribute 280 grams or more of cocaine base and heroin in in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. See Plea Agreement [Docket No. 173] at 1; Sentencing J. [Docket No. 334] at 2. The sentence represented a downward variance from the sentencing guideline range of 121 to 151 months. Statement Reasons [Docket No. 335] at 1, 3-4.

Myles' projected release date is March 10, 2026. Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited, Mar. 8, 2023). While incarcerated, he has participated in numerous educational and vocational courses, including a culinary arts program,

business and financial classes, and courses on relationships and positive psychology.  Mot. Ex. [Docket No. 551, Attach. 1] at 2-3, 8-14.

Myles now asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on his rehabilitative efforts and his desire to be home with his wife and help raise his daughter.  Mot. at 1.  Myles also argues that U. S. Attorney General Merrick Garland "recently instructed all prosecutors to prosecute crack and powder cocaine the same way," and that under the Attorney General's new policy Myles' sentence for crack cocaine would be 60 months lower had been sentenced today.  Mot. at 2.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under §3582(c)(1)(A) is set forth in § 1B1.13 of the Sentencing Guidelines.  The commentary to § 1B1.13 provides four categories of "extraordinary and compelling reasons" for a sentence reduction---the defendant's medical condition, age, family circumstances including the death or incapacitation of the caregiver of a defendant's minor child, or "other reasons" determined by the BOP Director to be extraordinary and compelling.  U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for

purposes of th[e] policy statement." U.S.S.G. § 1B1.13 comment n.3. The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Myles has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility based his efforts toward rehabilitation and his desire to care for his wife and daughter, and the request was denied. Mot. Ex. at 1. His Motion is therefore ripe for review.

Myles has not shown extraordinary and compelling reasons for a sentence reduction. His family circumstances are not extraordinary and compelling because he does not argue that the caregiver of his minor child has died or become incapacitated. U.S.S.G. § 1B1.13 cmt. n.1(C). Myles' efforts toward rehabilitation, while commendable, do not on their own justify compassionate release. U.S.S.G. § 1B1.13 comment n.3.

Additionally, to the extent that any policy changes in the U.S. Attorney General's Office would have impacted Myles' case had he been prosecuted today, the alleged policy changes do not constitute an extraordinary and compelling reason to reduce the sentence imposed in 2018. The Eighth Circuit has made clear that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." United States v. Crandall, 25 F.4th 582, 586 (8th Cir.), cert. denied, 142 S. Ct. 2781 (2022).

Even if Myles could show the existence of extraordinary and compelling circumstances, a sentence reduction is not warranted because Myles' release would undermine the sentencing factors in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A) (requiring the court to "consider[] the factors set forth in section 3553(a)" when evaluating compassionate release motions). These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Myles was convicted of a serious drug trafficking offense, and his 120-month sentence is already a downward variance from the sentencing guideline range of 121 to 151 months. Releasing Myles after serving roughly half of his sentence would not reflect the seriousness of his conduct, promote respect for the law, or provide just punishment for his crime.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Dantrell Jacob Myles' pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 551] is **DENIED**.

BY THE COURT:

Dated: March 10, 2023

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT